TOMMEY & STEWART, plaintiffs in error, *vs.* JOSHUA ELLIS, defendant in error.

The question before the jury in this case was whether a certain debt had been transferred by the creditor to A, so as to defeat an offset against the creditor held by the debtor. It was in proof that the transfer, if made at all, was in payment of, or as collateral for, certain debts held by A against the creditor making the transfer, and that A had not given up the evidences of the debt, but retained them in his possession. The Judge charged the jury, in substance, that if they believed that there had been in fact a *bona fide* transfer made, then the transferee was protected against the offset, whether the transfer was in absolute payment or as collateral. There was no request by either side that the Judge should charge as to the effect of A's retaining possession of the notes he held against the person whom it was claimed had made the transfer. The jury found against the transfer and in favor of the offset. On a motion for a new trial, on the ground that the jury found contrary to the evidence, and on several other grounds, the Court overruled the motion on all the grounds taken, but granted a new trial on the ground that he had erred in not charging the jury that the retaining possession of the notes, by A, was not conclusive against the transfer if, from the evidence, the jury should believe a transfer was *bona fide* made:

*Held*, That this was error as, in substance, such charge had really been given, at least so far as it was proper for the Court to direct the jury as to the weight of the evidence.

New Trial. Collaterals, etc. Before Judge GREEN. Newton Superior Court. March Term, 1871.

See this case *ante*, 41st Georgia Reports, 260.

Ellis held a judgment against Hammett, Orr & Company, of which firm Tommey & Stewart were members, and from which they had agreed to relieve Orr. Hammett was insolvent. Tommey & Stewart bought certain dormant judgments against Ellis, revived them, and upon averring the above facts and that Ellis was insolvent, prayed to set-off their purchased judgments against Ellis' said judgment. Ellis testified that, before they purchased said judgments against him and before they were revived, he had transferred to W. W. Clark his *fi. fa.* and judgment, *bona fide*, to the extent of all fees due by him to Clark, as his attorney-at-law for services rendered and to be rendered. Ellis testified that before complainant's purchase of the judgments against him, he owed Clark certain fees settled by note, and specified in what cases and how much. He said Clark had not given up his notes, because Clark had not gotten his money. His insolvency was admitted. There was evidence going to show that Clark's fees were too large, but it is useless here. The Court, after rehearsing the pleadings, so as to put the issue fairly to the jury, charged them to inquire if Ellis, at any time, by contract or otherwise, had transferred to W. W. Clark, in good faith, his claim against Hammett, Orr & Company, and if so, to see whether the transfer was conditional or absolute, and upon what consideration. If the transfer was *bona fide*, absolute, and for a valuable consideration at the time he handed Clarke the claim for collection, they should find for defendant. But if it was transferred only conditionally, or rather to pay fees of Clark in certain cases, the jury should inquire what cases, and what Clark's fees were in those cases, and if their amount was equal to the amount due on Ellis' judgment against Hammett, Orr & Company, they should find for defendant. If Clark's fees should be less, plaintiffs should have judgment for set-off as to the balance only. At all events, Clark is entitled to his fee for suing out that judgment, etc. There were no requests

to charge.   The jury allowed Clark $75 00 for the fee for suing out that judgment, but nothing for the other cases.

Ellis moved for a new trial upon the grounds that the Court erred in his charge, and in admitting certain evidence, and because the verdict was contrary to law, etc.   The Court overruled all of said grounds, but granted a new trial upon a ground not taken, to-wit: because he omitted to charge the jury, that leaving the notes on Ellis in Clark's hands was not sufficient to invalidate the transfer of Ellis' judgment, provided, the transfer was *bona fide,* in payment for professional services rendered and to be rendered, whether said transfer was absolute or conditional, and that the revival of of dormant judgments, since the transfer to Clark, could not affect the transfer to Clark.   This is assigned as error.

J. J. FLOYD, for plaintiffs in error.

CLARK & PACE, for defendant.

McCAY, Judge.

There is plenty of evidence in this record to sustain the verdict; indeed, we think the weight of the testimony is that way.   The new trial was gaanted by the Judge solely on the ground that he thought he had improperly neglected to charge the jury that the retaining of the notes was not conclusive.

We think he did, in effect, charge this, since he told the jury that if they, in fact, believed there had been a *bona fide* transfer of the debt, the transferee was protected.

That the retaining possession of the notes was some evidence that there was no transfer, can hardly be doubted. And the whole charge of the Court is pregnant with the idea that if the jury believed, from the evidence, there *had been* a transfer, either absolutely or as collateral, the transferree was to be protected.   It is hardly possible the jury should have taken up the idea that the retention of the notes was conclusive against a transfer.   Every man of common sense knows that if the transfer was ·made, and was *col-*

*lateral* only, it was very proper to retain the notes, and it would be presuming very far on the ignorance of a jury to suppose that it was a *sine qua non.* It should be instructed against so gross a perversion of both law and common sense as this. The verdict is in accordance with the evidence, even though the jury only gave the proper weight to the fact of the retention of the notes. If the defendant's evidence went to show a positive transfer, and not a mere collateral deposit of the debt sued as security, then the retention of the notes by the transferree was very suspicious, and went largely to weaken the effect of the testimony. On the whole, we think it most in accord with the principles of law and justice that the verdict shall stand.

Judgment reversed.